**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30143 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00071-JLR-1 |
| v. | |
| JOSEPH L. GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted September 2, 2015[**]
Seattle, Washington

Before: HAWKINS, GOULD, and N.R. SMITH, Circuit Judges.

After a bench trial on stipulated facts, Defendant-Appellant Joseph Garcia was

convicted of possession of methamphetamine with intent to distribute and sentenced

to 135 months in prison followed by 5 years of supervised release. Garcia appeals the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of his motion to suppress evidence, a package of methamphetamine, obtained during a search of his car pursuant to a warrant. Garcia contends that officers lacked reasonable suspicion to conduct their initial *Terry* stop, exceeded the scope of a reasonable *Terry* stop, and lacked probable cause to ultimately seize his car while awaiting issuance of the warrant. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

There was no error in concluding, based on the totality of the circumstances, the Whatcom County Sheriff's officers conducted a lawful *Terry* stop. *See Terry v. Ohio*, 392 U.S. 1 (1968). Where, as here, a source of the officers' information is an informant's tip, the central inquiry is whether there are sufficient "indicia of reliability," *Adams v. Williams*, 407 U.S. 143, 147 (1972), to establish "a particularized and objective basis for suspecting the particular person stopped of criminal activity," *United States v. Cortez*, 449 U.S. 411, 417–18 (1981).

After receiving a tip from an identified informant that Garcia, a known felon with a history of drug-related convictions, would be collecting money and participating in a drug buy later that evening, officers set up independent surveillance to verify details of the tip and observe Garcia's behavior. As predicted by the informant, officers observed multiple individuals entering Garcia's place of business after 8:45 p.m., which an officer explained was unusual based on his prior surveillance

2

of the business. Officers then observed Garcia during the late hours of the night driving in circuitous routes, varying his speed, and stopping in the dark parking lot of a closed business, which he exited only after another, previously unseen car departed—conduct the officers identified as counter-surveillance tactics and consistent with someone on a drug buy.

Taken as a whole and informed by the officers' training and experience, the tip, the officers' subsequent observations, and Garcia's known criminal history created reasonable suspicion that Garcia was involved in criminal activity. *See, e.g.*, *United States v. Sharpe*, 470 U.S. 675, 677–79, 682 (1985) (finding reasonable suspicion of narcotics trafficking where officers observed truck was heavily loaded and engaging in abnormal driving patterns); *United States v. Cotterman*, 709 F.3d 952, 968 (9th Cir. 2013) (criminal history may be considered as part of totality of circumstances).

Nor was there error in determining the length of the stop was reasonable. Although *Terry* stops must "last no longer than is necessary to effectuate the purpose of the stop," courts have declined to set any "rigid time limitation" on such stops. *Sharpe*, 470 U.S. at 684–85 (internal quotation marks and citation omitted). Nothing in the record suggests the officers unreasonably extended their stop of Garcia beyond the time necessary to investigate their suspicion of criminal activity. Rather, Garcia's own conduct, including evading officers' questions and making a phone call,

3

contributed to the length of the stop, and he voluntarily remained at the scene after the stop had concluded to wait for the tow truck. *Cf. United States v. Montoya de Hernandez*, 473 U.S. 531, 543 (1985) ("Our prior cases have refused to charge police with delays in investigatory detention attributable to the suspect's evasive actions . . . .").

Finally, there was no error in determining the officers' reasonable suspicion ripened into probable cause to seize Garcia's car given the narcotics dog's two alerts and Garcia's evasive conduct, particularly when moving a jacket on his car floor in what appeared to be an effort to hide something. *See Florida v. Harris*, 133 S. Ct. 1050, 1055–59 (2013). Garcia's contentions that the dog alerts could be explained by his use of medical marijuana or the fact that he was carrying cash, which might have contained traces of drug residue, are unavailing.

**AFFIRMED**